# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ramon Arturo Ramos-Jose, | Case No. 25-CV-2466 (PAM/SGE) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

This case is before the Court on Petitioner Ramon Arturo Ramos-Jose's "Motion for Mitigation in Local Federal Court, [Pursuant] to § 2241," Dkt. 1 ("Petition"), and his Application to Proceed *In Forma Pauperis*, Dkt. 2 ("IFP Application"). For the following reasons, the Court recommends denying the Petition and denying the IFP Application as moot.

The Petition claims that the Federal Bureau of Prisons ("BOP") has not applied earned-time credits ("ETCs") to Ramos-Jose's sentence as required by the First Step Act ("FSA"). *See* Pet. 1. Ramos-Jose says he has completed programs that qualify him to earn ETCs, but that the BOP has found him ineligible because it believes he is subject to a final order of removal. *Cf.* 18 U.S.C. § 3632(d)(4)(E)(i) (providing that "prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any

provision of the immigration laws").[1] Ramos-Jose argues, however, that there is "no Final order of Deportation on file with [Immigration and Customs Enforcement] nor with any other organization." Pet. 1. He asks the Court to direct the BOP to recalculate his "out/release date" so that it reflects the ETCs he has earned.

In a prior order, this Court explained that "courts have long required prisoners to exhaust the BOP's administrative remedies before seeking habeas relief." Order 1-2, Dkt. 6 (citing cases). Because the Petition "includes no indication that Ramos-Jose has sought administrative review from the BOP," and nothing "on the face of the Petition suggest[s] an obvious or compelling reason why he could not have done so before seeking judicial relief," the Court directed Ramos-Jose to show cause why the Petition should not be denied for failure to exhaust administrative remedies. *Id.* at 2.

Ramos-Jose's response admits that he did not complete the BOP's grievance process. *See* Dkt. 7 at 1 ("Response"). He argues, however, that the Court should excuse this failure because he lacked the money to mail or process the necessary forms and because prison staff did not help him navigate the BOP grievance system.

The Court has reviewed Ramos-Jose's explanations and finds they do not provide a valid reason to excuse the exhaustion requirement. First, indigence by itself is not enough to bypass administrative remedies. The BOP gives indigent inmates ways to use the grievance system (for example, an initial BP-9 grievance to a warden may be sent through

---

[1] Under § 3632(d)(4)(E)(i), Ramos-Jose's issue is really about whether he may *apply* any ETCs, not whether he may *earn* them. But, as explained below, this difference in wording does not matter for the present case.

2

internal mail without postage, and indigent prisoners may obtain writing materials and limited postage for legal mail). *See, e.g.*, 28 C.F.R. § 542.14(c) (providing that initial grievance is filed locally with facility staff); *id.* § 540.21(b), (d)–(e) (providing that indigent inmates can get writing materials and postage for legal and administrative-remedy mailings). Moreover, Ramos-Jose does not identify any specific instance in which he tried to file a grievance or appeal but was prevented from doing so because of lack of funds.

Second, Ramos-Jose does not describe any specific acts of staff interference (for example, refusing to provide forms or refusing to forward an appeal) that blocked him from using the BOP's grievance process. General claims of staff obstruction, without supporting facts, are not enough to show that the BOP's remedies were truly unavailable. *See, e.g.*, *Allen v. Jussila*, Case no. 08-cv-6366 (JNE/JSM), 2010 WL 759870, at *6 (D. Minn. Mar. 2, 2010) ("'[A] plaintiff must present some evidence, other than mere conclusory statements, to demonstrate that he was precluded from fully exhausting his administrative remedies.'" (quoting *Gisege v. Minn. Dep't of Corrs.*, Case no. 06-cv-1353 (JRT/RLE), 2007 WL 2892024, at *11 (D. Minn. Sept. 28, 2007), and collecting cases)).

In short, Ramos-Jose has not shown that he made any real effort to pursue his ETC claim through the BOP's grievance system, or that doing so would have been futile. It remains possible that if he presented his evidence of ineligibility for removal to the BOP, the agency could resolve the issue on its own. Requiring exhaustion would therefore serve its intended purpose by giving the BOP the first chance to consider Ramos-Jose's argument. The Court therefore recommends denying the Petition and dismissing this action. Because of that recommendation, the Court also recommends denying the IFP Application

as moot.[2]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings in this matter, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Ramon Arturo Ramos-Jose's petition for a writ of habeas corpus, Dkt. 1, be **DENIED** for failure to exhaust administrative remedies.

2. This action be **DISMISSED**.

3. Ramos-Jose's application to proceed *in forma pauperis* in this action, ECF No. 5, be **DENIED** as moot.

Dated: August 19, 2025

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[2] To be clear, if Ramos-Jose completes the BOP's grievance process and still believes that the BOP is wrongfully refusing to credit him with ETCs, he may again seek relief under § 2241.